## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARSHONDA FUGETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-2291-JAR-KGS** |
| | ) | |
| **SECURITY TRANSPORT SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff Marshonda Fugett brings action against Defendant Security Transport Services ("STS") asserting various federal and state claims of sexual harassment, hostile work environment, and retaliation.  Before the Court is Defendant's Motion for Summary Judgment (Doc. 27).  As explained more fully below, the Court denies the motion without prejudice pursuant to Fed. R. Civ. P. 56(d)(1).

The Scheduling Order provided a discovery deadline of April 10, 2015, and a dispositive motions deadline of May 27, 2015.  Well before either deadline passed, Defendant filed its motion for summary judgment and sought a discovery stay pending the Court's decision on the summary judgment motion.  Magistrate Judge Sebelius denied the motion to stay, noting that Defendant relied heavily on the affidavit of STS President Thomas Baumann to support its factual contentions on summary judgment.  Yet Plaintiff had not had the opportunity to depose Baumann, nor several other key witnesses in this case.   Judge Sebelius also found that STS had not made the necessary showing that allowing discovery on all issues raised by Plaintiff's Complaint would be wasteful and burdensome.

After Judge Sebelius denied the motion to stay, Plaintiff filed her response to the motion

for summary judgment.[1]  In the response, Plaintiff contends that she cannot present specific facts essential to justify a complete response to the motion for summary judgment because she has not had a full opportunity to conduct essential discovery.  Specifically, Plaintiff cites the following depositions she has not yet had an opportunity to conduct: Baumann, Gregory Robinson, and STS employees Michelle Brokaw, Yvette Jones, Frelna Crawford, Anna Frieden, Angela Jaindl, and A.J. Kotich.  Nonetheless, Plaintiff attempted to respond to Defendant's factual contentions, indicating in response to a majority of these factual averments that "Plaintiff is without sufficient information or knowledge to either admit or deny the statement" on the basis of a lack of discovery.  In particular, Plaintiff seeks to depose Baumann in order to respond to the many facts set forth by Defendant that are based upon his affidavit.  Plaintiff attaches her attorney's affidavit, setting forth the need for further discovery in order to respond to the summary judgment motion.[2]  Defendant has not filed a reply and the time to do so has expired.[3]

Under Fed. R. Civ. P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[4]  The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[5]  The nonmovant must satisfy several requirements to obtain relief under Rule 56(d).  By affidavit, she must explain: (1) why facts precluding

---

[1]Doc. 40.

[2]Doc. 40, Ex. 1.

[3]*See* D. Kan. R. 6.1(d)(2) (providing for a fourteen-day reply time on dispositive motions).

[4]Fed. R. Civ. P. 56(d); *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

[5]*Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

summary judgment are unavailable; (2) what probable facts she can find through further discovery; (3) what steps she has taken to obtain such facts; and (4) how additional time will allow her to controvert facts.[6]  "A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion."[7]

As Judge Sebelius explained in his order denying the motion to stay discovery, Plaintiff has not had an opportunity to challenge the veracity of Baumann's contentions, despite requesting to depose him prior to STS filing the summary judgment motion.  Plaintiff reasonably believed she would have until the discovery deadline to discover her case, but because the summary judgment motion was filed well in advance of that deadline, she has not taken depositions of key individuals.  The Rule 56(d) affidavit submitted with the response explains these matters, as well as identifies the steps counsel has taken to obtain the information needed to respond to the summary judgment motion.  The docket shows that Plaintiff has noticed depositions for Baumann, A.J. Kotich, Sandy Kokker, and the STS corporate representative in early April.  The Court therefore finds that Plaintiff has met her burden of stating with specificity the need for further discovery and how the additional material is necessary to rebut the summary judgment motion.  Defendant's motion for summary judgment is thus denied without prejudice to refiling.  Upon completion of discovery in this matter, Defendant may refile its motion by the previously-set dispositive motions deadline of May 27, 2015.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

---

[6]*Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[7]*Garcia v. United States Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quotation omitted).

Summary Judgment (Doc. 27) is **denied without prejudice**.

Dated: March 23, 2015

      S/ Julie A. Robinson     

     JULIE A. ROBINSON

     UNITED STATES DISTRICT JUDGE